[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is the owner of a hotel located at 3580 East Main Street in Waterbury. It has brought this appeal in accordance with sections12-117a and 12-119 of our statutes claiming improper assessment of the subject property on the Grand Lists of October 1, 1996, October 1, 1997, October 1, 1998, October 1, 1999, and October 1, 2000. The assessments are based on the City's valuation of October 1, 1980, because Waterbury did not complete its next revaluation until October 1, 2001. The subject property consists of a 279 room full-service hotel with conference and function rooms, a health club, swimming pool and restaurant on 10.4 acres of land.
The hotel was completed in the 1980's. The developers were Joseph and Loretta Calabrese. When completed, the City of Waterbury valued the property at $7.5 million; the tax assessment as of that date was seventy percent of that value or $5.25 million. Calabrese appealed the assessment on the Grand List of October 1, 1986. That action was terminated by way of a Stipulated Judgment providing that "the true and actual value of the property on October 1, 1986" was $6,642,857.00 making the assessed value $4.65 million.[1] Subsequently, the subject property was foreclosed and purchased by the plaintiff.
The city claims that the stipulated judgment entered into between Calabrese and the City of Waterbury is binding upon the plaintiff by virtue of the doctrines of res judicata and collateral estoppel. This court agrees. CT Page 10170
 A stipulated judgment is not a judicial determination of any litigated right . . . It maybe defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement . . . Gillis v. Gillis, 214 Conn. 336, 339-40 (1990); cited in City of Torrington v. Zoning Commission of the Town of Harwinton, 63 Conn. App. 776, 788 (2001).
As was the case in Chapel Square of New Haven v. City of New Haven, No. CV 97-0401542S, (Superior Court, New Haven, Robinson, J.), there is privity of estate between Calabrese, the previous owner of the subject realty and the plaintiff; and the plaintiff is bound by the provisions of the Stipulated Judgment between Calabrese and the City of Waterbury.Maharishi School v. City of Hartford, No. CV 95-0551521 (Oct. 17, 1997),20 Conn.L.Rptr. 568.
Although the Stipulation dealt with the Grand List year, 1986, that agreed upon valuation is the fair market value for the Grand List of every year after 1986 until the next revaluation. JMB Realty Corp., et alv. City of Hartford, (August 26, 1996), 17 Conn.L.Rptr., No. 6, 218, citing Great Meadow Associates Limited Partnership v. Town of RockyHill, Superior Court, Judicial District of Hartford, docket no. CV 94-0537058, 1995.
In light of the foregoing, the appeal is dismissed without costs to either party.
By The Court
SCHEINBLUM, J.